**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DELTA BANK, | : |
| | : |
| Plaintiff, | : Civil Action No. 12-6688 (SRC) |
| | : |
| v. | : **OPINION** |
| | : |
| ALEXANDER MALAMUD and MARTA MALAMUD, | : |
| | : |
| Defendants. | : |

**CHESLER**, District Judge

  This matter comes before the Court on the motion by Defendants Alexander and Marta Malamud to dismiss the Complaint. (Docket Entry 10) Plaintiff Delta Bank has opposed the motion (Docket Entry 13) and moved for an entry of default against the Defendants (Docket Entry 14). Defendants have opposed Plaintiff's motion for entry of default. (Docket Entry 19) The Court has considered the parties' submissions and opts to rule on the motions without oral argument. See Fed. R. Civ. P. 78. For the reasons that follow, the Court will grant Defendants' motion to dismiss and deny Plaintiff's motion for entry of default.

  In broad strokes, the Complaint alleges that the Defendants, who are married, joined Alexander's father, Arkadiy Malamud, in a scheme to defraud Delta Bank and misappropriate millions of dollars loaned to a group of Ukrainian agricultural companies the family owned and/or controlled. The Complaint asserts three state common law counts (fraud and conspiracy to commit fraud, conversion and conspiracy to commit conversion, and unjust enrichment) and

seeks at least $58 million in damages, as well as costs and fees.

Defendants have moved to dismiss the Complaint on several grounds, including that Plaintiff has failed to establish this Court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (quoting Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977)).

Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1332(a)(2), which, in relevant part, provides that district courts have original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state . . . ." Defendants argue that none of the parties to the case are citizens of a State for the purposes of establishing alienage jurisdiction.

District courts "enjoy substantial procedural flexibility in handling Rule 12(b)(1) motions." Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990). There are established procedures for a court's resolution of a jurisdictional dispute:

> If a defendant does not challenge the facts alleged in the plaintiff's pleadings, a court may rule on the motion by accepting these allegations as true. If a defendant contests any of the jurisdictional allegations as pled by the plaintiff, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence.

McCann v. George W. Newman Irrevocable Trust, 458 F.3d 281, 290 (3d Cir. 2006) (internal citation omitted). In resolving a jurisdictional dispute, a district court must be mindful that "[t]he party asserting diversity jurisdiction bears the burden of proof." Id. at 286. "A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." Id.

2

"Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

The Complaint asserts that Delta Bank is a Ukrainian corporation with its principal place of business in the Ukraine and that Alexander and Marta Malamud are U.S. citizens who reside in New Jersey. Defendants concede that Alexander is a U.S. citizen but assert that Marta is in fact a Ukrainian citizen. Defendants further argue that both Alexander and Marta are domiciled in the Ukraine.

According to Defendants' moving brief, this Court cannot exercise jurisdiction under § 1332(a)(2) "unless either Alexander or Marta is a citizen of one of the United States." (D.s' Opp. Br. 6) Defendants in fact *understate* what Plaintiff must show. "Under the complete diversity requirement of alienage jurisdiction, diversity jurisdiction does not encompass suits by foreign plaintiffs against foreign defendants. This exclusion extends to cases involving an alien on one side and an alien plus a U.S. citizen on the other." 15 Moore's Federal Practice, § 102.77 (Matthew Bender & Co., 2013) (citing, *inter alia*, Singh v. Daimler-Benz, A.G., 9 F.3d 303, 305 (3d Cir. 1993)); see also Field v. Volkswagenwerk AG, 626 F.2d 293, 296 (3d Cir. 1980) ("[The complete diversity] requirement pertains to suits between aliens as well as to suits between citizens."); Dresser Indus. v. Underwriters at Lloyd's of London, 106 F.3d 494, 498-99 (3d Cir. 1997) (distinguishing § 1332(a)(2), which requires complete diversity, from § 1332(a)(3), which does not). In other words, the presence of aliens on both sides of a civil action destroys otherwise good alienage jurisdiction.

In this case, Plaintiff can satisfy § 1332(a)(2) only by showing that *both* Alexander and

Marta Malamud are domiciled in the United States. This, Plaintiff has failed to do. Putting aside the vigorously contested issue of Alexander's place of domicile, Plaintiff has utterly failed to carry its burden to establish that Marta is domiciled in New Jersey. Plaintiff has offered nothing to rebut the evidence offered by Defendants that Marta is a Ukrainian citizen who has never lived in New Jersey and who, at the initiation of the lawsuit, was living and raising a family in the Ukraine. Plaintiff appears to rely primarily on the unsupported contention that a wife's domicile is necessarily that of her husband. While that may have been the law of the land many years ago, it is not so today. See, e.g., Napletana v. Hillsdale College, 385 F.2d 871, 873 (6th Cir. 1967) ("We believe that for purposes of federal diversity jurisdiction a married woman can have a legal domicile separate from that of her husband."); Edelman v. Croonquist, No. 09-1938, 2009 U.S. Dist. LEXIS 97533, at *12 (D.N.J. Oct. 20, 2009) (husband's domicile "is not determinative" of wife's). "Under the modern approach, married couples may retain separate domiciles while remaining married," and "the domicile of each spouse is determined according to an objective evaluation of the totality of the circumstances, as in all other cases of questioned domicile." Moore's Federal Practice, § 102.37[4][a] (citing Knapp v. State Farm Ins., 584 F. Supp. 905, 906-07 (E.D. La. 1984)). As a Ukrainian citizen, Marta's last known domicile was in the Ukraine. Since Plaintiff is both the proponent of federal jurisdiction and the party asserting a change in Marta's domicile, Plaintiff has both the burden of production on the change of domicile issue and the ultimate burden to show, by a preponderance of the evidence, that jurisdiction is good. See McCann, 458 F.3d at 289. Plaintiff has not carried one, let alone both burdens.

Having weighed the evidence, the Court finds that, at a minimum, Marta Malamud is an

alien and not a citizen of New Jersey, as alleged in the Complaint. As such, there is not complete diversity and no alienage jurisdiction under § 1332(a)(2). The Complaint will therefore be dismissed without prejudice. Having concluded that it lacks jurisdiction, the Court must necessarily deny Plaintiff's motion for entry of default. An appropriate order accompanies this opinion.

                                                s/Stanley R. Chesler
                                                STANLEY R. CHESLER
                                                United States District Judge

DATED: May 13, 2013